IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2011-H

| | |
|---|---|
| LEE WAYNE HUNT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| GARY JONES, Superintendent, ) | **RECOMMENDATION** |
| Johnston Correctional Institution ) | |
| Smithfield, North Carolina, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court following a status conference held on March 26, 2014. Lee Wayne Hunt seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 following his conviction of two counts of first-degree murder and two counts of conspiracy to commit murder in Cumberland County Superior Court.

I. Stay of Proceedings

On November 18, 2011, this action was stayed in light of pending proceedings before the North Carolina Innocence Inquiry Commission ("Innocence Commission"). On February 4, 2014, the Innocence Commission closed its investigation with the consent of Petitioner, after noting questions concerning its authority to consider evidence critical to Petitioner's innocence claim. (*See* Innocence Commission Letter dated February 4, 2014 [DE #34-2] (explaining that its statutory authority extends only to the review of evidence not presented at trial or post-conviction proceedings.)) As the Innocence Commission proceedings have

now concluded, it is RECOMMENDED that the stay previously entered in this case be lifted.

## II. Discovery

At the status conference held in this matter, the court discussed with the parties Petitioner's motions for discovery. In light of its renewed motion for discovery, Petitioner orally withdrew its motion for discovery filed April 20, 2009 [DE #17]. With respect to its renewed discovery motion [DE #34], Petitioner also withdrew his request to depose the custodian of records of the following agencies or offices: State Bureau of Investigation, North Carolina Attorney General's Office, and Cumberland County Sheriff's Office. Petitioner still seeks permission to depose the prosecutors in his case: James Coman and William Farrell, both of whom have retired from the North Carolina Attorney General's Office. In support of his motion, Petitioner asserts that during state, post-conviction proceedings the State represented that files relevant to his claims no longer existed and that the State's representation has proven false in that the Innocence Commission located a large number of documents that had not previously been provided to Petitioner. The State argues that there is no further discovery to be had and, therefore, opposes Petitioner's motion.

Based on the circumstances, the undersigned determines that Petitioner should be permitted to engage in *limited* discovery. Specifically, it is RECOMMENDED that Petitioner be allowed to conduct depositions of James Coman and William Farrell in an effort to determine the location of any additional files relevant to Petitioner's claims. In the event either of the deponents are unable

to provide information concerning the location of such files, counsel should be allowed to inquire into the deponent's knowledge or recollection of information contained in the missing files that may be relevant to Petitioner's claims. It is further recommended that, absent court approval, the duration of each deposition should not exceed two hours.

III.   Evidentiary Hearing

Petitioner has also requested an evidentiary hearing on his claims. The State vehemently opposes an evidentiary hearing, arguing that Petitioner's claims are baseless and should be resolved on the State's summary judgment motion.

A petitioner who has not failed to develop the factual basis of his claim in state court is entitled to an evidentiary hearing if the state court has not afforded him a full and fair evidentiary hearing and there is a factual dispute that, if resolved in his favor, would entitle him to relief. *Williams v. Taylor*, 529 U.S. 420, 430 (2000); *Townsend v. Sain*, 372 U.S. 293, 312 (1963) ("Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court either at the time of the trial or in a collateral proceeding."), *modified by Kenney v. Tamayo-Reyes*, 504 U.S. 1 (1992).

Applying this standard, and in the interest of a full and fair inquiry into the facts related to Petitioner's innocence claim, the undersigned RECOMMENDS that an evidentiary hearing be held. While it is not clear that an evidentiary hearing would be required as to Petitioner's other claims, it appears that issues concerning the strength or validity of evidence presented at Petitioner's trial may be relevant to

3

a determination of Petitioner's innocence claim and the undersigned, therefore, RECOMMENDS that the parties be allowed to present evidence as to these issues as well.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED as follows:

    1.    That the stay previously entered in this case be lifted;

    2.    That the court GRANT Petitioner's motion to permit limited discovery as set forth herein;

    3.    That the court GRANT Petitioner's motion for an evidentiary hearing in this case.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 2nd day of April 2014.

                                                */s/ Kimberly A. Swank*
                                                KIMBERLY A. SWANK
                                                United States Magistrate Judge