IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:09-HC-2011-H

LEE WAYNE HUNT,

    Petitioner,

    v().

                               **ORDER**

FRANK L. PERRY, Secretary,
N.C. Department of Public
Safety,

    Respondent.

This matter is before the court on petitioner's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to United States Magistrate Judge Kimberly A. Swank for an evidentiary hearing and memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Proceedings.

Following the evidentiary hearing, Judge Swank issued a forty-eight page M&R carefully detailing the background and facts of this case as well as analyzing each issue raised by the parties. Judge Swank ultimately concluded that petitioner has failed to establish that he is in custody in violation of the Constitution or laws or treaties of the United States and

accordingly recommended that his petition for writ of habeas corpus be denied.

Petitioner filed objections to the M&R on September 8, 2016, and Respondent responded to those objections on September 14, 2016. The court reviews de novo those issues upon which objections were filed.

First, petitioner objects to the recommendation that he failed to show actual innocence and accordingly is subject to the procedural bars imposed by the statute of limitations found in 28 U.S.C. § 2244(d)(1) and North Carolina General Statutes § 15A-1419(a)(1). The court has carefully reviewed this issue de novo. The court finds given the entirety of the evidence that Hunt has not shown by a preponderance of the evidence that no reasonable juror would find Hunt guilty beyond a reasonable doubt. The M&R of the magistrate judge carefully details this matter, and the undersigned finds it well reasoned. Therefore, the objection is denied.

Next, petitioner objects to the recommendation that petitioner is not entitled to relief on his claim that the state MAR court's failure to consider evidence of his innocence violated his constitutionally protected rights to present evidence on his own behalf and to due process of law. The magistrate judge considered all the evidence and found that

2

petitioner had not made the gateway showing of actual innocence required to overcome the procedural bar of the statute of limitations. This objection is denied.

Third, petitioner objects to relief on his claim that the prosecution's presentation of unreliable expert "lead batching" evidence violated his due process rights. This court agrees with the magistrate judge's conclusion that the lead batching evidence did not have a "substantial and injurious effect or influence in determining the jury's verdict." The evidence was not objected to by Hunt's attorneys and the evidence tended to support Hunt's defense theory that Cashwell acted alone. This objection is denied.

Finally, petitioner objects to the recommendation that petitioner is not entitled to relief on his claim that the prosecution violated petitioner's constitutionally protected due process right by using materially inconsistent theories and evidence to prosecute petitioner and co-defendant Kenneth West. The court has reviewed this matter, and while the law provides there are circumstances where a prosecutor's use of inconsistent theories may violate due process, no due process violation occurred here. This objection is denied.

A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved.

Accordingly, the court adopts the recommendation of the magistrate judge, [D.E. #74], as its own; and for the reasons stated therein, petitioner's motion for writ of habeas corpus, [D.E. #1], is DENIED. The clerk is directed to close the case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's denial of the writ of habeas corpus debatable. Therefore, a certificate of appealability is DENIED.

This 28TH day of September 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

4